**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| NOBELBIZ, INC. ) | |
| ) | |
| Plaintiff, ) | CIV. ACTION NO.  6:12-CV-00246-LED |
| ) | |
| vs. ) | |
| ) | |
| LIVEVOX, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## LIVEVOX, INC.'S ANSWER TO COMPLAINT

Defendant LiveVox Equipment, Inc. ("LiveVox") hereby answers Plaintiff's Complaint as follows:

## GENERAL DENIAL

1. LiveVox lacks information to admit or deny the allegations of paragraph 1, and on that basis denies them.

2. LiveVox admits the allegations of paragraph 2.

3. LiveVox admits the allegations of paragraph 3 but denies any implication that it infringes any valid claim of the asserted patent.

4. LiveVox admits the allegations of paragraph 4.

5. LiveVox does not challenge personal jurisdiction in this case but believes the case is not properly in this venue and should be transferred.  LiveVox denies the remaining allegations of paragraph 5.

6. LiveVox denies the allegations of paragraph 6.

7. LiveVox admits the allegations of paragraph 7.

8. LiveVox lacks information to admit or deny the allegations of paragraph 8, and on that basis denies them.

9. LiveVox denies the allegations of paragraph 9. The '122 patent itself recites its own disclosure.

10. LiveVox denies the allegations of paragraph 10.

11. LiveVox lacks information to admit or deny the allegations of paragraph 11, and on that basis denies them.

12. LiveVox lacks information to admit or deny the allegations of paragraph 12, and on that basis denies them.

13. LiveVox denies that the '122 patent discloses a novel process. LiveVox lacks information to admit or deny the remaining allegations of paragraph 13, and on that basis denies them.

14. LiveVox lacks information to admit or deny the allegations of paragraph 14, and on that basis denies them

15. LiveVox admits that it is a provider of cloud contact center solutions. If anything further is intended by this allegation, then it is vague and ambiguous, and denied on that basis.

16. LiveVox admits that it offers a Compliance Suite and offers a local caller ID feature to its customers. LiveVox denies any other the allegations of paragraph 16.

17. Paragraph 17 is definitional and contains no additional allegations to admit or deny.

18. LiveVox denies the allegations of paragraph 18.

19. LiveVox denies the allegations of paragraph 19.

20. LiveVox admits that it offers customers account penetration settings and that it offers state dialing configuration GUI as features of its Compliance Suite. LiveVox denies any other allegations of paragraph 20.

21. LiveVox denies the allegations of paragraph 21.

22. LiveVox denies the allegations of paragraph 22.

23. LiveVox need not admit or deny the allegations of paragraph 23, and instead hereby incorporates its responses to the previous paragraphs of the Complaint.

24. LiveVox denies the allegations of paragraph 24.

25. LiveVox denies the allegations of paragraph 25.

26. LiveVox denies the allegations of paragraph 26

27. LiveVox denies the allegations of paragraph 27.

28. LiveVox denies the allegations of paragraph 28.

29. LiveVox admits that Plaintiff demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

30. LiveVox denies that plaintiff is entitled to any of the relief sought in its prayer for relief.

## AFFIRMATIVE DEFENSES

31. Without admitting or acknowledging that it bears the burden of proof as to any of them, LiveVox asserts the following affirmative and other defenses. LiveVox reserves the right to assert any other defenses that may be revealed during the course of discovery and its investigation of Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

32. LiveVox does not infringe and has not infringed any valid and enforceable claim of the '122 patent, whether directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise.

## SECOND AFFIRMATIVE DEFENSE

### (Invalidity)

33. One or more claims of the '122 patent are invalid for failure to comply with one or more requirements for patentability under Title 35 of the United States Code, including but not limited to sections 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

34. The Complaint does not state facts sufficient to constitute a cause of action against LiveVox.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

35. The requested relief in the Complaint is barred, in whole or in part, by the doctrine of estoppel, including but not limited to prosecution history estoppel arising from the patentee's actions, representations, or conduct before the USPTO during prosecution of the '122 patent.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

36. Plaintiff's claims for relief are barred by the doctrines of acquiescence, estoppel, laches, waiver, prosecution laches or other applicable equitable doctrines

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

37. The requested relief in the Complaint is barred, in whole or in part, by the doctrine of unclean hands. Among other things, Plaintiff is asserting patents which it has reason to know are not valid and not infringed, and for which it has reason to know that it is entitled to no damages even if it the patents are valid and infringed.

## SEVENTH AFFIRMATIVE DEFENSE

### (License / Patent Exhaustion)

38. The requested relief in the Complaint is barred, in whole or in part, by the doctrine of express and/or implied license and patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on Damages)

39. The claim for damages in the Complaint is barred, in whole or in part, under 35 U.S.C. §§ 286 and/or 287.

## NINTH AFFIRMATIVE DEFENSE

### (Limitation on Recovery of Costs)

40. Plaintiff is precluded from seeking recovery of costs under 35 U.S.C. § 288.

## TENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

41. Plaintiff has an adequate remedy at law and no basis exists for the grant of injunctive relief.

## PRAYER FOR RELIEF

42. WHEREFORE, LiveVox prays for judgment against Plaintiff on Plaintiff's Complaint, as follows:

- a. That Plaintiff take nothing by its claims for relief;
- b. That Plaintiff's claims for relief be dismissed with prejudice;
- c. That the Court enter judgment against Plaintiff and in favor of LiveVox in all respects;
- d. For a determination in LiveVox's favor that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to LiveVox in this action; and
- e. For such other and further relief as the Court deems just and equitable.

Respectfully Submitted,

By: /s/ *Robert Harkins*
E. PAUL CAULEY, JR.
State Bar No. 04018900
Email: paul.cauley@sedgwicklaw.com
FAVAD R. BAJARIA
State Bar No. 24073042
Email: favad.bajaria@sedgwicklaw.com
**SEDGWICK LLP**
1717 Main Street, Suite 5400
Dallas, TX 75201-7367
Telephone: (469) 227-8200
Facsimile: (469) 227-8004

ROBERT HARKINS
California State Bar No. 179525
Email: robert.harkins@sedgwicklaw.com
**SEDGWICK LLP**
333 Bush St., 30th Fl.
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

**ATTORNEYS FOR DEFENDANT
LIVEVOX INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically on May 31, 2012 pursuant to Local Rule CV-5(a) and has been served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

By: */s/ Robert Harkins*
Robert Harkins
