IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| NOBEL BIZ, INC. | § | |
| | § | |
| v. | § | No. 6:12cv246 |
| | § | |
| LIVEVOX, INC. | § | |

### ORDER GRANTING MOTION TO TRANSFER

Currently before the Court is Defendant LiveVox, Inc.'s motion to transfer to the Northern District of California (Doc. No. 23). The motion also requests that the Court stay the proceedings regarding Plaintiff's motion for preliminary injunction until the motion to transfer is resolved. Having considered the parties' briefing, the record in this case, and the applicable law, it is **ORDERED** that the motion to transfer is **GRANTED**.

**I. Background**

Plaintiff NobelBiz, Inc. (NobelBiz) is a Delaware corporation with its principal place of business in Carlsbad, California. It provides telecommunication services to call centers across the country, including in the Eastern District of Texas. Plaintiff has maintained a sales office in this district since September 2011. Defendant LiveVox, Inc. (LiveVox) is a Delaware corporation headquartered in San Francisco, California.

NobelBiz filed this lawsuit against LiveVox alleging infringement of U.S. Patent No. 8,135,122 ('122 Patent) entitled "System and Method for Modifying Communication Information (MCI)." In general, the patent relates to a technology that modifies caller identification information so it is displayed to a receiving party as if the call had originated in the same geographic location as the receiving party.

NobelBiz alleges that LiveVox has infringed the '122 Patent by offering to sell and selling its LiveVox service in the United States, including within the Eastern District of Texas.

Around the time NobelBiz filed this case, it filed four related cases for infringement of the '122 Patent and one related case for infringement of a patent that discloses a technology similar to the '122 Patent.[1] Two of those related cases are closed.[2] The other four, including this one, are pending before the Court.[3]

## II.     Legal Standard

Pursuant to 28 U.S.C. § 1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue should be granted upon a showing that the transferee venue "is clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*Volkswagen II*).

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case

---

[1] In *NobelBiz, Inc. v. AireSpring, Inc.*, Plaintiff sued for infringement of U.S. Patent No. 7,899,169 entitled "System and Method for Modifying Communication Information (MCI)." *NobelBiz, Inc. v. AireSpring, Inc.*, No. 6:12-cv-242 (E.D. Tex. July 23, 2012). Like the '122 Patent, the '169 Patent discloses a system that allows a caller in one location to place a call to another location and have the call appear as if it originated in the receiving party's location.

[2] The closed cases are: *NobelBiz, Inc. v. AireSpring, Inc.*, No. 6:12-cv-242 (E.D. Tex. July 23, 2012) and *NobelBiz, Inc., v. inContact, Inc.*, No. 6:12-cv-272 (E.D. Tex. Aug. 9, 2012).

[3] Including this case, the currently pending cases are:
   1. *NobelBiz, Inc. v. Five9, Inc.*, No. 6:12-cv-243;
   2. *NobelBiz, Inc. v. Global Connect, LLC*, No. 6:12-cv-244
   3. *NobelBiz, Inc. v. LiveVox, Inc.*, No. 6:12cv-cv-246; and
   4. *NobelBiz, Inc. v. TCN, Inc.*, No. 6:12-cv-247.

easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*Volkswagen I*). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

### III. Discussion

The threshold issue in a § 1404(a) analysis is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *Volkswagen I*, 371 F.3d at 203. The parties do not dispute that this case could have been brought in the Northern District of California. The Court finds that this lawsuit could have been brought in the Northern District of California. 28 U.S.C. § 1400(b).

The Court must then consider the various private and public interest factors to determine whether the Northern District of California is clearly more convenient.

#### a. Private Factors

##### i. Relative Ease of Access to Sources of Proof

Defendant argues that its operations are centered in San Francisco, California and that most of its documentary proof and physical evidence are located in the Northern District of California. According to Defendant, there is no allegation that any of Defendant's records are in the Eastern District of Texas. Defendant argues that Plaintiff's location in Carlsbad, California means that its business records and physical evidence are likely to be there also. Finally Defendant contends that Plaintiff's request for a preliminary injunction and early discovery sharpens the need to transfer the case to a more convenient forum because resolving the application for injunctive relief will center on the parties' California-based evidence.

Plaintiff argues that this factor weighs slightly against transfer. It contends that this district is just as convenient as the Northern District of California because Defendant's relevant information is likely stored electronically and readily accessible from anywhere. Furthermore, Plaintiff argues that any documents produced will have to be sent to its attorneys on the East Coast regardless of the forum. Plaintiff also states that documents relating to the prosecution of the '122 Patent would "flow through" Plaintiff's counsel on the East Coast. Finally, Plaintiff, a Southern California company, suggests that it would be inconvenienced if the case were transferred to the Northern District of California from Texas. Plaintiff concludes that this factor favors transfer, or else is neutral.

Plaintiff also asserts that Defendant maintains offices and personnel in locations that are far from the Northern District of California. According to Plaintiff, documents and other sources of proof stored at these locations could be transferred just as easily to this district as to the Northern District of California. Finally, Plaintiff states that both Plaintiff and Defendant have clients in Texas and that this district is a centrally-located forum for litigating Plaintiff's cases against the related defendants.

Defendant counters this argument by stating that its Northern California office is its largest office in the United States and that the files and personnel relevant to the accused service are located in that office. Additionally, Defendant states that several customers and its datacenters are located in Northern California.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006));

*see In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (explaining that a corporate party's relevant discoverable material is generally located at its headquarters). Courts analyze this factor by looking at the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *Volkswagen II*, 545 F.3d at 316. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Id*. Moreover, "the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." *Volkswagen I*, 371 F.3d at 206.

Defendant is located in the Northern District of California and its documentary proof and physical evidence are also located there. The Court rejects Plaintiff's arguments that Defendant's documents are likely stored electronically and are therefore readily accessible from anywhere. Despite technological advances, the Court must consider the actual location of documents and physical evidence. *Volkswagen II*, 545 F.3d at 316. The Court also rejects any argument that this Court should retain venue because it is more convenient for Plaintiff's attorneys. *Id.*

Plaintiff argues that there may be relevant evidence in Defendant's other offices in the United States, but Plaintiff does not dispute that Defendant's largest U.S. office and headquarters are in San Francisco. Plaintiff contends that both parties have customers in Texas who could have information related to infringement and damages. However, this is insufficient to overcome the Federal Circuit's statement that "the bulk of the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d at 1345. Here, the accused infringer is located in the Northern District of California.

Accordingly, the Court finds that this factor favors transfer.

### ii. The Availability of Compulsory Process

Defendant contends that there are no relevant third-party witnesses in the Eastern District of Texas. Defendant also argues that any of its former employees relevant to this matter are more likely to be located in the Northern District of California. Finally, Defendant states that Plaintiff brought related infringement actions against two other California-based companies. According to Defendant, these two companies may have third-party witnesses, documents, or prior art that will only be subject to absolute subpoena power in the Northern District of California.

In response, Plaintiff states that it is unaware of any non-party witnesses for whom compulsory process would be necessary. Plaintiff states that Defendant has not specifically identified any non-party witnesses in the Northern District of California. In its surreply Plaintiff cites to prior art that Defendant listed for purposes of opposing Plaintiff's request for a preliminary injunction. Plaintiff asserts that some of the prior art inventors are located in Texas and that others reside closer to Texas than to the Northern District of California. Plaintiff also refers to an article included in Defendant's prior art materials that describes a Texas debt collector who uses a service that is potentially similar to the accused service. Plaintiff argues that the prior art witnesses in Texas are subject to the Court's absolute subpoena power.

Finally, Plaintiff argues that some related other defendants are far from California and would not be subject to the absolute subpoena power of the Northern District of California. Plaintiff contends that the prudence of maintaining all of these cases in one forum weighs against transfer.

The proper focus for this factor is on non-party witnesses. *See Volkswagen II*, 545 F.3d at 316. This factor will weigh more heavily in favor of transfer when more non-party witnesses reside in the transferee venue. *Id.*

Without identifying particular witnesses, Defendant states relevant former employees are more likely to reside in the Northern District of California. Defendant also contends that defendants in related cases may have third-party witnesses in that district. The Court is not persuaded by either contention because Defendant has not identified any actual witnesses in the Northern District of California. *See Effectively Illuminated Pathways, LLC v. Aston Martin Lagonda of N. Am., Inc.*, No. 6:11-cv-34, at 14 (E.D. Tex. Apr. 19, 2012); *Dymatize Enters., Inc. v. Maximum Human Performance, Inc.*, No. 3:09-cv-1840, 2010 WL 972240, at *2–3 (N.D. Tex. Feb. 28, 2010) (holding that although a party need not provide affidavits identifying witnesses and outlining testimony, it must at least identify the witnesses).

Plaintiff is correct that the prior art exhibits provided by Defendant list several inventors in various parts of the country, including four in Texas. One inventor is in Allen, Texas, and three others are in Dallas. However, the Court is not persuaded that Plaintiff's argument weighs against transfer. Plaintiff's argument fails to address the prior art exhibits which list inventors in California, several of whom appear to be subject to absolute subpoena power in the Northern District of California (*see* Doc. Nos. 25-11, 25-15, 25-16, 25-17, 25-22) (listing inventors in Menlo Park, Cupertino, Mountain View, Sunnyvale, Santa Clara, and San Jose, California).

Because neither party has demonstrated that a greater number of witnesses is subject to compulsory process in its preferred venue, the Court determines that this factor is neutral.

### iii.  The Costs of Attendance for Willing Witnesses

Defendant argues that venue in the Northern District of California will be more convenient for prospective witnesses because most of its relevant witnesses are located in California. Defendant states that it is unaware of any witnesses in the Eastern District of Texas or for whom the Eastern District of Texas would be a more convenient than the Northern District of

California. In contrast, Defendant states (1) that it is headquartered in the Northern District of California; (2) that Plaintiff is located in Southern California; and (3) that James Siminoff, the inventor and president of NobelBiz, resides in California. Thus, Defendant contends, the Northern District of California is more convenient for both parties. Finally, Defendant asserts that the allegedly infringing activity (call processing and local number assignment) does not occur in Texas.

Plaintiff argues that this factor is neutral because the cost to attend trial will be no greater in the Eastern District of Texas than in the Northern District of California. Plaintiff contends that the Northern District of California will not be more convenient for the related cases as a whole because some related defendants are located far from the Northern District of California, and in some cases closer to this district. Finally, Plaintiff states that the location of potential depositions need not be considered in the venue analysis because depositions will be arranged for the mutual convenience of the parties.

The convenience of the witnesses is one of the most important factors this Court considers. *In re Genentech, Inc.*, 566 F.3d at 1343. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–5. It is undisputed that the Eastern District of Texas is more than 100 miles from the proposed venue. Accordingly, the Court evaluates the respective distances between potential witnesses and the transferor and transferee venues. *See Volkswagen II*, 545 F.3d at 317. This factor will favor transfer if the transferee venue is a shorter average distance from witnesses than the transferor venue.

California. In contrast, Defendant states (1) that it is headquartered in the Northern District of California; (2) that Plaintiff is located in Southern California; and (3) that James Siminoff, the inventor and president of NobelBiz, resides in California. Thus, Defendant contends, the Northern District of California is more convenient for both parties. Finally, Defendant asserts that the allegedly infringing activity (call processing and local number assignment) does not occur in Texas.

Plaintiff argues that this factor is neutral because the cost to attend trial will be no greater in the Eastern District of Texas than in the Northern District of California. Plaintiff contends that the Northern District of California will not be more convenient for the related cases as a whole because some related defendants are located far from the Northern District of California, and in some cases closer to this district. Finally, Plaintiff states that the location of potential depositions need not be considered in the venue analysis because depositions will be arranged for the mutual convenience of the parties.

The convenience of the witnesses is one of the most important factors this Court considers. *In re Genentech, Inc.*, 566 F.3d at 1343. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204–5. It is undisputed that the Eastern District of Texas is more than 100 miles from the proposed venue. Accordingly, the Court evaluates the respective distances between potential witnesses and the transferor and transferee venues. *See Volkswagen II*, 545 F.3d at 317. This factor will favor transfer if the transferee venue is a shorter average distance from witnesses than the transferor venue.

Defendant states that Tyler, Texas is approximately 1,400 miles from Carlsbad, California, where Plaintiff is located, and approximately 1,800 miles from San Francisco, where Defendant is located. In contrast, Defendant is located in the transferee district, and San Francisco—the proposed venue—is approximately 450 miles from Carlsbad, California. Neither party has identified individual witnesses. Yet, the Court may reasonably assume that representatives from Plaintiff and Defendant will travel from their respective headquarters to trial. Under this assumption, the Northern District of California is more convenient because the parties' headquarters are closer to that district. Nevertheless, it is impossible for the Court to determine with accuracy whether, on average, willing witnesses would have to travel farther to the Eastern District of Texas than to the Northern District of California.

Accordingly, the Court determines that this factor slightly favors transfer.

### iv. All Other Practical Problems

Defendant argues that the related cases in this district should not weigh against transfer because those cases are in their infancy and the Court has not developed a familiarity with the technology. Defendant also contends that at least two of these related cases are likely to be transferred to the Northern District of California. Thus, Defendant argues that the interests of judicial economy are neutral or slightly favor transfer if related cases are also transferred to the Northern District of California.

Plaintiff states the interests of judicial economy favor maintaining this case and the related cases in the same district. Specifically, Plaintiff contends similar claim construction and invalidity issues will arise in all the cases. In its surreply, Plaintiff asserts that the related cases should remain in this district because three related defendants have not moved to transfer venue.

But these three cases are now closed, so the Court gives no weight to this argument.[4] Moreover, Plaintiff concludes that this district is the most convenient geographic venue for all parties because some related defendants are closer to this district, or are between this district and the Northern District of California.

Motions to transfer venue are to be decided based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (quoting *Paramount Pictures, Inc. v. Rodney*, 186 F.2d 111, 119 (3d Cir. 1950) (Hastie, J., dissenting)). "Any subsequent familiarity gained by the district court is therefore irrelevant." *In re EMC Corp.*, Misc. No. 142, 2013 WL 324154, at *2 (Fed. Cir. Jan. 29, 2013). Nevertheless, a court may properly consider "any judicial economy benefits which would have been apparent at the time the suit was filed." *Id.* "[A] district court's experience with a patent in prior litigation and the copendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.* (citing *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346–47 & n.3 (Fed. Cir. 2010)).

The co-pending, related cases favor maintaining the case in this district because it would be inefficient for a second court to preside over case that is related to other cases pending in this Court. *See Vistaprint*, 628 F.3d at 1344. But at the time of filing, the Court had no familiarity with the patent. Thus, it would not be overly prejudicial to Plaintiff if the Court transferred this case to the Northern District of California.

Defendant seemingly recognizes the inefficiency of maintaining related cases in separate jurisdictions, but offers a different solution. Defendant argues that at least one related defendant is likely to be transferred to the Northern District of California. According to Defendant, the Court can avoid judicial inefficiencies by also transferring this case to the Northern District of

---

[4] The cases to which Plaintiff refers are: *NobelBiz, Inc. v. AireSpring, Inc.*, No. 6:12-cv-242 (E.D. Tex. July 23, 2012); *NobelBiz, Inc. v. inContact, Inc.*, No. 6:12-cv-272 (E.D. Tex. Aug. 9, 2012) and *NobelBiz, Inc. v. Stage 2 Networks, LLC*, No. 6:12-cv-308 (E.D. Tex. July 5, 2012).

California. The Court rejects this proposed solution because it is not based on "the situation which existed when suit was instituted." *Hoffman*, 363 U.S. at 343.

Accordingly, the Court finds that this factor is neutral.

### b. Public Factors

#### i. Administrative Difficulties Flowing from Court Congestion

Defendant argues that this factor is neutral. According to statistics cited by Defendant, average time to trial in the Northern District of California is 25.4 months while average time to trial in the Eastern District of Texas is 26.1 months. Defendant contends that this difference is not enough to result in any meaningful difference between the two districts.

In contrast, Plaintiff argues that transferring the case will likely result in a delay. According to a report provided by Plaintiff, no case transferred by the Federal Circuit has gone to trial in the transferee district. Furthermore, according to Plaintiff "not one case transferred by order of the Eastern District [of Texas] has gone to trial in the transferee court or received a trial setting in the transferee court earlier than the Eastern District [of Texas] setting" (Doc. No. 30 at 16). Thus, Plaintiff argues that transfer will actually delay disposition of this case.

"[T]his factor appears to be the most speculative . . . and case-disposition statistics may not always tell the whole story." *In re Genentech, Inc.*, 566 F.3d at 1347 (citation omitted). Defendant points to statistics indicating that civil cases in the Northern District of California are generally resolved more quickly than cases in the Eastern District of Texas. In response, Plaintiff points to a report indicating that transferred cases have been delayed after transfer. In view of the competing assertions regarding case resolution, and the Federal Circuit's recognition that this factor tends to be the most speculative, the Court finds these arguments do not weigh for or against transfer.

Accordingly, the Court finds that this factor is neutral.

### ii. The Local Interest in having Localized Interests Decided at Home

According to Defendant, the only connection between this district and the Defendant is that Defendant allegedly sold the accused service here. Defendant argues that this does not distinguish the Eastern District of Texas from any other district in which Defendant sells its services. In contrast, Defendant argues that the Northern District of California has a substantial local interest because Defendant is based there and the offices, facilities, and employees relevant to the accused service are also based there.

Plaintiff argues that this district has an interest in the case because both parties have a presence in Texas. Plaintiff points to Defendant's membership in a trade association based in this district. Plaintiff also states that services Defendant provides to its Texas customers may be infringing the '122 Patent in this district. Moreover, Plaintiff states that Defendant has several clients in Texas, has a registered agent in Texas, sought a waiver from the Texas Public Utility Commission (PUC), and is listed by the PUC as doing business in Texas. For its part, Plaintiff states that it maintains an office in this district, has customers in this district, and is pursuing business leads and potential employees in this district.

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Local interest also arises when a district is home to a party because the suit may call into question the reputation of individuals that work in the community. *Id.*

The Court finds there are significant connections between the Northern District of California and the events giving rise to this suit. Defendant has stated that its offices, facilities,

and employees relevant to the accused service are located in the Northern District of California. Plaintiff's evidence of the parties' connections to this district fails to show that the Eastern District of Texas has a greater interest in the case than the Northern District of California.

When compared with the local interests of the Eastern District of Texas, the Court finds that this factor favors transfer.

### iii. The Familiarity of the Forum with the Law that will Govern the Case

The parties agree that this factor is neutral.

### iv. The Avoidance of Unnecessary Problems of Conflicts of Laws

The parties agree that this factor is neutral.

Finally, Defendant argues that Plaintiff's choice of forum should not be given any deference because Plaintiff has filed a suit in a forum other than its place of residence. Furthermore, Defendant argues that the Court should prevent Plaintiff's attempt to "forum shop" by choosing a forum away from Plaintiff's home that has no ties to the controversy.

Plaintiff responds that its choice of forum should be given deference and that it has "arguably brought suit in its home forum and [Defendant] should face a burden even higher than clearly more convenient" (Doc. No. 30 at 17–18).

The Federal Circuit has clearly held "that the Fifth Circuit forbids treating the plaintiff's choice of venue as a factor in the analysis of a request to transfer for the convenience of the parties." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). Instead, Plaintiff's forum choice contributes to the Defendant's burden in a motion to transfer. *See GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484, at *1 (E.D. Tex. Jan. 14, 2013) (explaining that "a plaintiff's choice of venue must be respected because that choice places the

burden on the defendant to demonstrate why venue should be transferred"). Thus, the Court finds that this is not an appropriate factor to consider.

Moreover, the Court rejects Plaintiff's argument that it has brought suit in its home forum and therefore Defendant should be held to a higher standard in its transfer motion. It is undisputed that Plaintiff is a Delaware entity with a principal place of business in Carlsbad, California. Also, Plaintiff has not identified any individual witnesses or documents in this district.

### IV. Conclusion

After considering the transfer factors, the Court finds that Defendant has met its burden of showing that the Northern District of California is clearly more convenient. The locations of sources of proof, the convenience of willing witnesses, and localized interests favor transfer. The remaining factors are neutral.

Accordingly, Defendant LiveVox, Inc.'s motion to transfer (Doc. No. 23) is **GRANTED**. The Court **ORDERS** that this case be transferred to the United States District Court for the Northern District of California.

**It is SO ORDERED**.

**SIGNED this 28th day of March, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE